O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA B. BALTAZAR, | ) | CASE NO. CV 07-05419 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Sandra P. Baltazar asks the Court to reverse the Commissioner's decision denying her application for Social Security disability benefits. Plaintiff argues that the Administrative Law Judge ignored the opinions of a consultant and a state expert and, because he did so, asked the vocational expert an inadequate hypothetical question. Plaintiff also argues that the Commissioner did not show that there were sufficient jobs in the economy which Plaintiff could perform, because the jobs he identified required a reasoning level inconsistent with that identified by the consultant and state expert. The Court finds these arguments unpersuasive.

The consultant, Louis A. Fontana, M.D., and the state expert, Henry Amado, M.D., reached essentially the same conclusions. Dr. Fontana stated in June 2004 that Plaintiff "should be able to perform simple and repetitive tasks, but could have difficulty with more detailed and complex tasks." [AR 199] About three weeks later, Dr. Amado,

marked several boxes on a form, indicating that Plaintiff was moderately limited in various categories relating to her mental capabilities. [AR 270]  Although the Administrative Law Judge did not discuss Dr. Amado's findings, Dr. Amado concluded, much as Dr. Fontana had, that Plaintiff "can sustain simple, repetitive tasks with adequate pace and persistence. Can adapt and relate to coworkers and [supervisors.] Cannot work with public." [AR 271]

        The Administrative Law Judge found that Plaintiff was "limited to moderately complex, four to five step habituated tasks." [AR 18]  He based this conclusion on the hearing testimony of a medical expert, Dr. Malancharuvil, and said that this opinion was generally consistent with that of Dr. Fontana [AR 22] (and, hence, of Dr. Amado). Plaintiff's argument is that the "moderately complex" finding is inconsistent with the "could have difficulty with more detailed and complex tasks" statement in Dr. Fontana's report and the similar conclusion of Dr. Amado.

        Whether this is a real difference, or just jousting over proper language, turns out to be beside the point.  Among other things, the Administrative Law Judge found that Plaintiff could perform the job of data entry, a semi-skilled job. [AR 24]  Under Social Security regulations, "semi-skilled work is work which needs some skills but does not require doing the more complex work duties."  20 C.F.R. § 404.1568 (b).  Thus, the data entry job would comport with the restrictions which Plaintiff faced, even if one were to accept her argument here.  In addition, the Administrative Law Judge also found that Plaintiff could perform several unskilled jobs, including toll collector, electronics worker, and cashier. [AR 25]  The regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568 (a).  Here too the jobs would comport with restrictions for which Plaintiff argues.

        Plaintiff asserts, however, that two of these jobs require a reasoning level of "3," one requires a reasoning level of "2," and one requires a reasoning level of "4," and believes, therefore, that these jobs are inconsistent with the "could have difficulty with more detailed and complex tasks" language used by Dr. Fontana.  Yet Dr. Fontana did not

indicate any difficulty with Plaintiff's *reasoning* ability. To the contrary, he indicated that her thought processes, content of thought, memory, ability to perform calculations, abstract thinking and judgment/insight all were appropriate. [AR 198-99]. Thus, in Dr. Fontana's assessment, Plaintiff's ability to reason remained intact.

The acknowledged possibility, in Dr. Fontana's report, that Plaintiff might have more trouble with tasks as they became more complex, is not very different in reality from the residual capacity which the Administrative Law Judge found. But, even if there were error in the failure to discuss Dr. Fontana or Dr. Amado's reports, or properly to distinguish them, it is clear that such error would be harmless. Given the jobs in the economy for which Plaintiff would be suitable, any error would be inconsequential to the ultimate nondisability determination. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Plaintiff's remaining argument is that the hypothetical question to the vocational expert lacked all the necessary restrictions, and therefore the answer cannot stand as substantial evidence backing the Administrative Law Judge's finding that adequate work exists. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). However, the Administrative Law Judge was not obligated to include in his question limitations which the evidence did not require. *Rollins v. Massanari*, 261 F. 3d 853, 863-64 (9th Cir. 2001). The hypothetical question did not contain error.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED: May 22, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE